# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES I. DIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 21 C 4544 |
| ) | |
| LOWE'S HOME CENTERS, LLC, ) | Judge Charles P. Kocoras |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is Defendant Lowe's Home Centers, LLC's ("Lowe's") Motion to Dismiss Plaintiff James Diggs's Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Motion.

## STATEMENT

Diggs, who is proceeding *pro se*, filed his FAC against his former employer, Lowe's. The FAC is entirely in narrative form; not organized by numbered paragraphs and separate counts.[1] The FAC appears to bring claims against Lowe's for defamation, discrimination and/or harassment, and retaliation. Lowe's moves to dismiss the FAC

---

[1] The Court notes that Diggs failed to follow the Court's specific instructions for drafting his FAC. In the Court's prior order, we noted that Diggs's Complaint failed to include a short and plain statement of the claim(s) (Fed. R. Civ. P. 8(a)(2)); failed to include simple, concise, and direct allegations (Fed. R. Civ. P. 8(d)(1)); and failed to include numbered paragraphs limited to a single set of circumstances (Fed. R. Civ. P. 10(b)). Dkt. # 16, at 5. The Court instructed Diggs to clarify which claims he brings against Lowe's and the basis for each claim, and label each claim clearly as separate, numbered counts. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders").

in its entirety for failure to state a claim. Diggs's response to the motion is in the form of a two-paragraph letter to the Court which does not address any of Lowe's arguments in favor of dismissal. *See* Dkt. # 28. After Lowe's filed its reply brief, Diggs submitted (without leave of Court) another two-paragraph letter which, again, failed to substantively address the arguments and legal authority in Lowe's motion to dismiss. *See* Dkt. # 30.

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible

2

if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"If [a court] is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). "It follows that a plaintiff's failure to respond to a Rule 12(b)(6) motion giving plausible reasons for dismissal provides adequate grounds for granting the motion." *Garza v. Cervantes*, 2015 WL 468748, at *1 (N.D. Ill. 2005) (granting dismissal where a *pro se* plaintiff failed to respond to plausible arguments raised by defendants in a 12(b)(6) motion); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) ("While Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss," and "[a]ccordingly, [his] retaliation claim has been waived."); *Kirksey,* 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

Here, Lowe's presents several plausible arguments in support of dismissal. Lowe's first argues Diggs's defamation claim requires dismissal with prejudice because

3

(1) any allegedly "false" statement made during an unemployment appeal hearing is privileged and cannot form the basis for his claim, and (2) to the extent he is attempting to claim any defamatory statements were made during his employment (which ended in April 2020), a defamation claim based on such alleged statement(s) would be barred under Illinois Supreme Court Rule 103(b), given his lack of diligence in failing to serve his complaint on Lowe's until after the expiration of the one-year statute of limitations period.

Next, Lowe's contends Diggs's "generic and conclusory references to unspecified types of 'discrimination' and/or 'harassment'" fail because Diggs did not identify any legally-protected basis upon which such claim(s) are purportedly based, "much less advance any plausible allegations that he experienced discrimination or harassment *because of* his protected characteristics." Dkt. # 26, at 2 (emphasis in original).

Finally, Lowe's argues Diggs's newfound claim of alleged "retaliation" fails because Diggs did not identify what specific statutorily protected activity he claims gave rise to any particular alleged retaliatory adverse action. Nor does he plead any facts that would connect any alleged "complaints" he made with his termination five months later which would permit a plausible inference of a causal connection. Lowe's also points out that Diggs's earlier pleadings did not reference retaliation in any way, and Diggs himself previously represented to this Court that he received his EEOC right to sue letter for his retaliation claim prior to serving his complaint on

4

Lowe's (service occurred in July 2021). Thus, Lowe's says, the 90-day deadline to amend his complaint to add a claim for retaliation expired months (if not a year) before Diggs filed his FAC, thereby precluding him from stating a plausible retaliation claim.

Diggs failed to respond to the myriad of plausible arguments set out in Lowe's motion to dismiss. By failing to respond to any of these arguments, Diggs effectively abandoned his claims against Lowe's and forfeited any substantive argument he might have had against Rule 12(b)(6) dismissal. *See Alioto*, 651 F.3d at 721 ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.") (internal citations omitted); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citation omitted); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) (claims waived where party asserting them "did not provide the district court with any basis to decide" them and "did not respond to [the opposing party's] arguments"); *Lekas*, 405 F.3d at 614.

Diggs is *pro se,* but "even pro se litigants . . . must expect to file a legal argument and some supporting authority" because "[a] litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of

5

supporting authority forfeits the point." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (cleaned up); *see Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."). Because Diggs failed to respond to Lowe's plausible arguments in support of dismissal, its motion to dismiss is granted and Diggs's claims against it are dismissed.

The Seventh Circuit has held that "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). In addition to viewing a "*pro se* complaint with an understanding eye," a district court may point a *pro se* litigant toward the correct procedure or "take appropriate measures to permit the adjudication of *pro se* claims on the merits." *Id.* Because Diggs is proceeding *pro se* and it still difficult to discern the bases of his claims, the Court will allow one final opportunity to amend.

Again, while Diggs is passionate in his cause, "that passion must be expressed within the confines of the applicable rules." *Krach v. Holcomb*, 2020 WL 6704062, at *1 (N.D. Ind. 2020). In his Second Amended Complaint, Diggs must comply with the rules of procedure. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (p*ro se* litigants "are not entitled to a general dispensation from the rules of procedure."). The Second Amended Complaint should include a short and plain statement of the claim(s)

(Fed. R. Civ. P. 8(a)(2)); simple, concise, and direct allegations (Fed. R. Civ. P. 8(d)(1)); and numbered paragraphs limited to a single set of circumstances (Fed. R. Civ. P. 10(b)). Each claim must be clearly labeled as separate, numbered counts.

## CONCLUSION

For the foregoing reasons, the Court grants Lowe's Motion to Dismiss [25] and dismisses the FAC in its entirety, without prejudice. Diggs may file a Second Amended Complaint in accordance with the Court's instructions above, no later than September 18, 2022.

It is so ordered.

Dated: August 18, 2022

_____
Charles P. Kocoras
United States District Judge