UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES I. DIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 4544 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Before the Court is Defendant Lowe's Home Centers, LLC's ("Lowe's") Motion to Dismiss Plaintiff James Diggs's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Motion in part.

## STATEMENT

Diggs, who is proceeding *pro se*, brings this action against his former employer, Lowe's, for sex discrimination and/or harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* In his SAC, Diggs alleges Lowe's terminated his employment, failed to promote him, failed to stop harassment, and retaliated against him because he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") wherein he complained of discrimination on the basis of his sex.

According to Diggs, he was wrongfully accused of sexually harassing a female co-worker and, after complaining to the Lowe's corporate office, he was subjected to harassment by multiple employees. For example, Diggs alleges he was subjected to verbal threats and threatening tones and hand gestures. His hours changed and dropped, leaving him with less time than other employees to complete tasks, and store managers complained about incomplete or incorrectly performed tasks, even though these tasks were completed correctly and efficiently. His protests about this wrongful treatment were met with derision.

Diggs filed a complaint with the EEOC on November 22, 2019, alleging he was discriminated against on the basis of his sex. Diggs says that the harassment and mistreatment continued and even worsened after filing the complaint. Diggs was also allegedly denied a promotion after giving his store manager a poor rating on a store survey. Diggs was terminated for misconduct on April 3, 2020, and filed a new EEOC complaint for retaliation that same day. He received his EEOC Notice of Right to Sue on December 14, 2020.

Diggs filed his state court complaint on March 16, 2020. The complaint appears to have initially consisted of a single, handwritten paragraph on a pre-printed form that is file-stamped March 16, 2020. Dkt. #1-1, at 5. But in the record before the Court, the first page is followed by four type-written pages in narrative format, the first of which is file-stamped July 2, 2021. *Id.* at 6–9. Lowe's was served with this document on July 26, 2021, and subsequently removed the case to this Court.

On November 30, 2021, the Court granted Lowe's motion to dismiss and granted Diggs leave to file an amended complaint by January 14, 2022. Dkt. # 16. Diggs did not meet this deadline, and so the case was dismissed with prejudice on March 3, 2022. Dkt. # 17. Nearly a month later, Diggs moved to reopen his case, alleging he did not receive the November 2021 order. Dkt. # 19. The Court granted Diggs's request. Dkt. # 24.

On August 19, 2022, the Court granted Lowe's motion to dismiss Diggs's amended complaint, finding that Diggs did not respond to any of the legal arguments raised by Lowe's in its motion to dismiss and in failing to do so waived his claims against Lowe's. Dkt. # 31. The Court afforded Diggs one final opportunity to amend. Lowe's now moves to dismiss Diggs's SAC in its entirety, with prejudice.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive, the complaint must give the defendant fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## I. Title VII Employment Discrimination

A plaintiff need not plead facts to support each element of a prima facie employment discrimination claim. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Rather, "a plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017); *see also Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class."). There must be enough facts to establish a plausible connection between the adverse employment action and the plaintiff's protected class. *Shah v. Walmart Stores, Inc.*, 2022 WL 1746850, at *3 (N.D. Ill. 2022).

Even considering the low bar for pleading discrimination claims and reading Diggs's SAC liberally, there is no such plausible connection between the adverse actions Diggs complains of and Diggs's sex. As Diggs lays it out, all of his complaints appear to stem in some way from the allegation of sexual harassment laid against him and the way he was treated thereafter. There is simply nothing in the SAC that suggests any of the alleged mistreatment he endured was because of Diggs's sex. This also

4

dooms any potential claim for "harassment" Diggs may be attempting to bring.[1]  Lowe's motion to dismiss is granted with respect to the Title VII sex discrimination claim.[2]

## II. Title VII Retaliation

Lowe's first argues that Diggs's retaliation claim is untimely.  Lowe's says that Diggs's original state court complaint said nothing of retaliation; indeed, the complaint was filed before Diggs was terminated and before he filed his EEOC complaint for retaliation.  Therefore, Lowe's says, when Diggs received his Notice of Right to Sue from the EEOC in December 2020, he had 90 days to amend his complaint to include a claim for retaliation.  This was not done.

But the Seventh Circuit has "long held that a plaintiff need not file a new [EEOC] charge alleging post-charge retaliation by an employer." *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 857 n.11 (7th Cir. 2019); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) ("A plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation."). In the Court's view, that Diggs needn't have made a separate EEOC

---

[1] Notably, in his response to Lowe's motion, Diggs lists a number of various instances that he believes support his claim that he was retaliated against, that he was wrongfully terminated, and that he was harassed in connection with complaints to the Lowe's corporate office and the EEOC. But Diggs says nothing of sex discrimination or anything that would permit the inference that any harassment was because of his sex.

[2] Lowe's also argues Diggs's sex discrimination claim is untimely because the claim was not brought within 90 days of his receipt of the EEOC's Notice of Right to Sue. Lowe's contends the original complaint does not allege sex discrimination, only defamation.  The Court disagrees.  The November 2019 EEOC complaint states that Diggs was falsely accused of engaging in sexual harassment and because of this he believed he was discriminated against because of his sex.  Diggs's original pleading describes the accusation of sexual harassment and the mistreatment that he believes stemmed from that allegation.

5

charge alleging post-charge retaliation effectively nullifies the 90-day requirement Lowe's relies on to support dismissal of this claim. Thus, the question becomes whether Diggs should be permitted to add a claim for retaliation to the SAC. The answer to that question requires the Court to consider whether such an amendment is permissible under Rule 15, and we think it is. *See id.*

Seventh Circuit cases adopting and applying the rule that "a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge" do so in part by concluding that such retaliation complaints have a reasonable relationship to the initial EEOC charge. *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989), superseded by statute on other grounds as recognized in *Luevano*, 722 F.3d at 1030; *see also McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481–83 (7th Cir. 1996) (stating that claim based on retaliation for filing EEOC complaint must have a "reasonable relationship" to the initial EEOC complaint and concluding that such relationship existed). Diggs's retaliation claim arises out of the "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The November 2019 EEOC complaint states that Diggs was falsely accused of engaging in sexual harassment and because of this he believed he was discriminated against because of his sex. Diggs's original pleading describes the accusation of sexual harassment and the mistreatment that he believes stemmed from that allegation.

6

Lowe's next argues that, timeliness issues aside, Diggs failed to state a plausible retaliation claim. Under Title VII's anti-retaliation provision, it is unlawful for an employer to "discriminate against" an employee "because he has opposed any practice made an unlawful employment practice" by the statute or "because he has made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e–3(a). To state a claim for retaliation under Title VII, a plaintiff must allege that he engaged in an activity protected by Title VII and that his employer took an adverse action against him as a result. *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017). Additionally, the viability of a plaintiff's retaliation claim does not turn on the viability of the plaintiff's underlying discrimination claim; all that is required is that the plaintiff reasonably believed in good faith that the practice he opposed violated Title VII. *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002).

There is no question that Diggs engaged in a protected activity in lodging his EEOC complaint and that his termination was an adverse employment action. Lowe's, however, argues Diggs cannot plausibly allege that his termination was the result of his protected activity, in part because five months passed from the time Diggs filed his EEOC charge and the date of his termination. True, the more time that passes between the protected activity and the adverse employment action, the less plausible it becomes that those two events are related. *See Etheridge v. Hudson Grp. Retail, LLC*, 2022 WL 375556, at *10 (N.D. Ill. 2022) ("Weeks if not months passed by. That stretch of time

7

is too big of a stretch to support an inference of a connection. And there are no other supporting facts to buttress the connection between the [protected activity] and the adverse action."). But Diggs alleges additional adverse actions that are closer in time to his November 2019 EEOC complaint.

Adverse employment action in the retaliation context "simply means an employer's action that would dissuade a reasonable worker from participating in protected activity." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015). Although "petty slights and minor annoyances" generally do not create such a deterrence, *Henry v. Milwaukee Cnty.*, 539 F.3d 573, 587 (7th Cir. 2008), conduct that is less severe than adverse employment actions in the discrimination context may suffice. *See Huri*, 804 F.3d at 833 n.3 (noting that discrimination claims, as opposed to retaliation claims, requires a "heavier burden" involving "a significant change in employment status, and often involves the employee's current wealth, her career prospects, working conditions, etc.").

Here, Diggs identifies several adverse actions in addition to his termination. Diggs alleges he was subjected to verbal threats and threatening gestures, his hours were reduced, he was denied a promotion, and managers frequently threatened or hinted at termination. In his response to the motion to dismiss, Diggs also states he was denied a performance raise. Although the timing of these allegations is unclear at this point, such actions, if proven, might dissuade a reasonable employee from engaging in activities protected under Title VII. *See, e.g., Huri*, 804 F.3d at 833 (holding allegations

8

of screaming, false disciplinary reports, exclusion from social functions, and denial of time off "would certainly cause a reasonable worker to think twice about complaining about discrimination."); *Poullard v. McDonald*, 829 F.3d 844, 858 (7th Cir. 2016) (noting harassment can "constitute a materially adverse action for retaliation purposes."); *Minge v. Cook Cnty., Illinois*, 2022 WL 4551899, at *9 (N.D. Ill. 2022). That is a factual question that must be left for another day.

Diggs certainly faces an uphill battle with this claim. But for now, he has managed to clear the low bar set by Rule 8 and keep his case alive.

## **CONCLUSION**

For the foregoing reasons, the Court grants Lowe's Motion to Dismiss [33] with respect to the Title VII sex discrimination claim and denies the Motion with respect to the Title VII retaliation claim. Telephonic status hearing set for 1/5/2023 at 10:20 a.m. It is so ordered.

Dated: December 6, 2022

_____
Charles P. Kocoras
United States District Judge